STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal John A. Russell }
Corp. }
} Docket No 230-11-99 Vtec
}
}

<u>Decision and Order on Appellant's Motion for Partial Summary Judgment</u>

Appellant John A. Russell Corporation appealed from a decision of the Zoning Board of
Adjustment (ZBA) of the Town of Clarendon, reversing a decision of the Zoning Administrator
to issue a zoning permit to Appellant and denying Appellant's application for a zoning permit
for a bituminous asphalt plant. Appellant is represented by Edward V. Schweibert, Esq. and
Mary Grady, Esq.; Ms. Marjorie Southard and Mr. Henry Vergi entered their appearances as
interested parties and represent themselves; the Town is represented by John D. Hansen, Esq.

Appellant moved for partial summary judgment on Question 1 of the Statement of Questions:
whether the underlying appeal from the Zoning Administrator's issuance of the zoning permit
was timely appealed to the ZBA.

The following facts are undisputed unless otherwise noted. Appellant applied to the Zoning
Administrator for a " building permit" to build an asphalt plant on property located on the east
side of Route 7B in North Clarendon, in the Commercial-Industrial zoning district. The
application was signed by an agent of Appellant's on April 15, 1999.

The Zoning Administrator must have referred the application to the Planning Commission for
site plan approval. The Planning Commission issued site plan approval[1] on June 7, 1999 and
informed Appellant by letter dated June 14, 1999. Appellant does not dispute that the Zoning
Administrator issued the zoning permit on June 21, 1999, although no document appears to have
been issued bearing the Zoning Administrator's signature and that date. The undated application
approval states: " The effective date of your permit is 7-5-99, which is the last date for appeal
under Section 4464 of the Act." A " memorandum of municipal action" recorded in the land
records on July 6, 1999, states that the zoning permit was " issued" on July 5, 1999, as does the
building permit itself. However, none of the parties argues that July 5 was the date the permit
was issued.

Henry Vergi filed an appeal[2] of a decision of the Zoning Administrator to the ZBA, dated June
30, 1999, and postmarked July 2, 1999. The Court takes judicial notice that in 1999, July 3 was a
Saturday, July 4 was a Sunday, and the Fourth of July holiday, when no mail would have been
delivered, was celebrated on Monday, July 5, 1999.

An interested person may file a notice of appeal to the ZBA within 15 days of the date of the
Zoning Administrator's decision or act. See 24 V.S.A. § 4464(a). In this case, the date of the

Zoning Administrator's act, the written approval of Appellant's application, occurred on June 21, 1999. Under 1 V.S.A. § 138, the day when the act is done is not included in the computation; therefore, the expiration of the fifteen day appeal period in fact fell on July 6, 1999, the date that the notice of appeal was received, so that it was in fact timely. However, even if the Zoning Administrator's incorrect notation of the effective date as "7-5-99" had been correct, or could not be challenged, that date was a state holiday under 1 V.S.A. § 371(b), so that the last date for appeal would still have fallen on July 6, 1999. V.R.C.P. 6(a).

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment on Question 1 of the Statement of Questions is DENIED, and Summary Judgment is hereby entered in favor of the Town and in favor of Mr. Vergi on Question 1. We will hold a telephone conference on June 1, 2001, to determine whether any evidentiary hearing should be scheduled on Questions 2, 3 or 4 of the Statement of Questions, or whether any of those questions should be submitted on an expedited summary judgment schedule. We note as to Questions 2 and 3 that only Mr. Vergi and Ms. Southard have entered appearances in the de novo appeal to this Court, so that the standing of any person as a member of a group under § 4464(b)(4) may be moot. For the conference, we request that Attorneys Hansen, Grady and Schweibert be at a single telephone so that we may place the other two calls to Mr. Vergi and Ms. Southard. Please advise the Court as to which telephone number we should use.

Done at Barre, Vermont, this 14th day of May, 2001.

_____

Merideth Wright
Environmental Judge

**Footnotes**

1.    In Docket No. 77-5-99 Vtec we ruled that the Zoning Regulations as written do not require site plan approval for any uses in the Commercial-Industrial zoning district.

2.    An undated notice of appeal with twelve names, including those of Mr. Vergi and Ms. Southard, has also been provided, but there is no indication of when it was submitted to or received by the ZBA, or whether it was attached to or sent along with Mr. Vergi's notice of appeal.